Exhibit 1

#69

| | **SUM-100** |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PHH MORTGAGE CORPORATION., a business entity; Additional
Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FREDERICK JAMES BEATTY, an individual

**ENDORSED FILED**

JUL 17 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice

3501 Civic Center Drive
San Rafael, CA 94903

CASE NUMBER:
*(Número del Caso):* SCV 264821

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Mellen, 1050 Marina Village Parkway, Suite 102, Alameda, CA 94501, (510) 263-9638

DATE: JUL 17 2019   ARLENE D. JUNIOR   Clerk, by   JENNIFER ELLIS   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*  PHH MORTGAGE CORPORATION

   under: [X] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1, Page 1 of 26

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Frederick James Beatty v. PHH Mortgage Corporation, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WESTERN PROGRESSIVE, LLC, a business entity; DEUTSCHE BANK NATIONAL TRUST COMPANY, a business entity; and DOES 1-10, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

#69

Matthew D. Mellen (Bar No. 233350)
Brenna Wood Fitzpatrick (Bar No. 325666)
Duncan McGee Nefcy (Bar No. 315142)
MELLEN LAW FIRM
1050 Marina Village Parkway, Suite 102
Alameda, CA 94501
Telephone:    (510) 263-9638
Facsimile:    (415) 276-1902
email@mellenlawfirm.com

Attorneys for Plaintiff,
FREDERICK JAMES BEATTY

**ENDORSED**
**FILED**

JUL 17 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SONOMA

| | |
|---|---|
| FREDERICK JAMES BEATTY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION., a business entity; WESTERN PROGRESSIVE, LLC, a business entity; DEUTSCHE BANK NATIONAL TRUST COMPANY, a business entity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: SCV **264821**<br>264821<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. Breach of Contract;<br>2. Breach of the Covenant of Good Faith and Fair Dealing;<br>3. Negligence;<br>4. Wrongful Foreclosure;<br>5. Violation of Cal. Civ. Code § 2924(a)(1)(C);<br>6. Unjust Enrichment; and<br>7. Violation of Cal. Business and Professions Code § 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY ALLEGATIONS

1.    Plaintiff FREDERICK JAMES BEATTY (hereinafter, "Plaintiff") brings this lawsuit against Defendants PHH MORTGAGE CORPORATION, WESTERN PROGRESSIVE, LLC, and DEUTSCHE BANK NATIONAL TRUST COMPANY (hereinafter and collectively, "Defendants") for their gross mishandling of his residential home mortgage loan and consequent wrongful foreclosure. Defendants have wrongfully sold Plaintiff's home at foreclosure *twice* now, and this last time, their foreclosure follows their refusal to accept Plaintiff's monthly payments

1

and Plaintiff's full payment of all of his arrears. It is worth noting that the only reason why Plaintiff accrued *any* arrears over the last year is because Defendants refused to accept his regular monthly payments. As an actual, direct, and proximate cause of Defendants' conduct as herein described, Plaintiff lost his home.

## JURISDICTION AND VENUE

2.     This is an action asserting violations of California Law. Plaintiff is a homeowner who brings this action as a result of Defendants' unlawful conduct concerning a residential mortgage loan for the property located at 1601 Culpepper Drive, Petaluma, CA 94954 (hereinafter "Property"). Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the County of Sonoma.

## PARTIES

3.     Plaintiff is an individual, at all relevant times, resides in the City of Petaluma, County of Sonoma.

4.     At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant PHH MORTGAGE CORPORATION (hereinafter, "PHH") is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses. Plaintiff is informed and believes and thereon alleges that PHH is the current servicer of Plaintiff's loan. Plaintiff is informed and believes and thereon alleges that PHH regularly conducts business in the State of California.

5.     At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant WESTERN PROGRESSIVE, LLC (hereinafter, "WP") is a diversified financial institution engaged primarily in the business of servicing residential mortgage loans and/or serving as the trustee of deeds of trust. Plaintiff is informed and believes and thereon alleges that WP is and has been at all relevant times the trustee for the mortgage loan secured by the Property.

6.     At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY (hereinafter, "DB") is a diversified financial marketing and/or services company engaged in residential mortgage banking

2

and/or related businesses. Plaintiff is informed and believes and thereon alleges that DB is the current beneficiary of Plaintiff's loan. Plaintiff is informed and believes and thereon alleges that DB regularly conducts business in the State of California.

7.    Plaintiff is ignorant of the true name and capacities of each Defendant sued herein under the fictitious names DOES 1 through 50, inclusive, and Plaintiff will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts for which Plaintiff has complained herein.

8.    This court has personal jurisdiction over the parties as Defendants engages in business within the State of California. Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

## AGENCY ALLEGATIONS

9.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendants. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest. Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## NECESSARY PARTY

10.    Plaintiff is informed and believes and thereon alleges that Defendant DB is a necessary party to this action under California Code of Civil Procedure § 389(a). Defendant DB is a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action. Furthermore, Defendant DB is a party without whom relief cannot be accorded among those already parties or who claims an interest relating to the subject of the action and is so situated that the disposition of the action in their absence may as a practical matter impair or impede their ability to protect that interest or leave any of the persons already

3

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interest. Defendant DB is therefore a necessary party pursuant to Cal. Code of Civ. Pro. § 389(a), *et seq.*.

## STATEMENT OF FACTS

11.     Plaintiff has owned the property as his primary residence located at 1601 Culpepper Drive, Petaluma, CA 94956 ("the Property") since around 2005. To purchase the Property, Plaintiff executed a promissory note and deed of trust securing the loan by the Property. DB is the beneficiary of the loan, PHH is the servicer of the loan, and WP is the trustee.

12.     Approximately one year ago, Defendants sold Plaintiff's property at a foreclosure sale to a third-party purchaser, but Defendants subsequently rescinded the foreclosure sale and returned the monies paid by the third-party purchaser.

13.     Over the last year, Plaintiff could not make payments on his loan because Defendants were refusing to accept his payment.

14.     Finally, in June of this year, Plaintiff spoke with someone at PHH and asked to make all of the payments due at that time in order to bring the loan out of foreclosure. However, PHH told Plaintiff that he needs to contact an entity by the name of Aldridge Pite LLP ("AP").

15.     Plaintiff called AP several times over the course of a week when he finally spoke to someone at AP on or about June 18, 2019 when someone from AP returned his phone calls.

16.     He gave the AP representative all of the information that they needed to find his loan, but they could not find any file on his loan and confirmed this in an email to Plaintiff.

17.     Plaintiff called PHH back and told them that AP could not find his file, and PHH told Plaintiff that they made a mistake and that AP is not assigned to this loan.

18.     PHH told Plaintiff that WP was actually assigned to the loan.

19.     On or about June 26, 2019, PHH told Plaintiff that WP is the correct entity to contact about reinstating his loan.

20.     Plaintiff immediately contacted WP and asked to reinstate his loan, but they refused and said that since the foreclosure sale is less than five (5) days away, they cannot reinstate the loan.

21.     Had PHH given Plaintiff the correct information on June 18, 2019, then he would have been able to timely reinstate his loan.

22.     Plaintiff immediately called PHH, and PHH represented to Plaintiff that he can only reinstate his loan if he gets a reinstatement quote from WP, but when Plaintiff called WP back, they told Plaintiff that he needs to get the reinstatement information from PHH.

23.     Plaintiff called PHH back and asked if he can pay the reinstatement amount that he found on a statement from May of 2019, and PHH said that he could pay that amount and that would reinstate his loan, but then Plaintiff realized that this payment would not account for the June payment, and PHH realized that this was correct and told him that he must make the June payment also. In other words, PHH did not know what the correct reinstatement amount was.

24.     Plaintiff found a letter from PHH that had a reinstatement quote of $29,498.35 that said it was good until July 1, 2019, and Plaintiff asked if that was accurate and if that would be sufficient to reinstate, and PHH said that that amount was accurate and sufficient to reinstate.

25.     PHH then instructed Plaintiff to wire the $29,498.35 to PHH and to give them the wire transfer reference number when he does this to confirm that the money was wired to them. Plaintiff followed all of their instructions and wired the money to PHH.

26.     PHH confirmed receipt of the funds and represented to Plaintiff that the Property was out of foreclosure.

27.     Approximately two days later, on or about June 28, 2019, Plaintiff received approximately a dozen harassing phone calls telling him that the Property was sold.

28.     Plaintiff told every single caller whose call he answered that this was a mistake and that the Property could not have been sold because he reinstated his loan.

29.     Plaintiff was on his way to Brasil for a vacation and left that night, and the entire time he was away, he was dealing with this foreclosure debacle.

30.     Plaintiff called PHH, but PHH said that they do not have information for him and that he must contact WP, but when he contacted WP, WP told him that he needs to contact PHH.

31.     At one point, WP tells Plaintiff that all three of them should get on the phone to sort the issue out, but once PHH picked up the phone, WP hung up.

32.     At one point, PHH tells Plaintiff that he still has the house and that no Trustee's Deed Upon Sale has been recorded, however, Plaintiff still needs to make the July payment.

33.     However, PHH tells Plaintiff that he cannot make the payment at that time and that he has to wait until July 5, 2019 to make the payment. At that time, prior to July 5, 2019, PHH would not accept Plaintiff's payment.

34.     Plaintiff calls PHH on July 5, 2019 to make the payment as instructed, but PHH tells him that they still cannot accept his payment and that he must call back on July 8, 2019.

35.     During the entire week from of July 8, 2019 through July 12, 2019, Plaintiff called PHH every day and at some point multiple times per day to make the payment, but PHH refused to accept his payment. Plaintiff even went online to make the payment, but the website would not allow him to make the payment. The website indicated that he was current on his loan.

36.     On Wednesday, July 10, 2019, PHH told Plaintiff that he has to make the July 2019 payment through WP.

37.     Plaintiff calls WP every day, over a dozen times, from Wednesday, July 10, 2019 through Friday, July 12, 2019, and every time he calls WP, he is put on hold for upwards of ten (10) minutes at a time only to be forwarded to a voicemail inbox that is *full* and he cannot even leave a message.

38.     Defendants sold the Property at foreclosure even though Plaintiff had fully reinstated his loan.

39.     Plaintiff suffered the loss of his home, extreme stress and anxiety, stress to his marriage and personal life, and lost an immense amount of time and resources as a result of Defendants' conduct as herein described.

## FIRST CAUSE OF ACTION
### Breach of Contract
(Against All Defendants)

40.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they

were fully set forth herein.

41.     To recover damages from Defendants for breach of contract, Plaintiff must show: (1) the parties entered into a contract; (2) Plaintiff did all, or substantially all of the significant things that the contract required him to do; (3) all conditions required by the contract for Defendants' performance had occurred; (4) Defendants failed to do something that the contract required it to do; and (5) Plaintiff was harmed by that failure.

42.     The Deed of Trust is a contract that contains provisions that require Defendants to follow the laws of the State of California in foreclosure, but Defendants failed to do this.

43.     Plaintiff fully performed under the contract and paid all payments due to Defendants or was excused from performance because of the conduct of Defendants.

44.     As a result of Defendant's material breach of the contract, Plaintiff suffered damages.

45.     Plaintiff seeks restitution, expectation, and reliance damages as well as any and all available remedies in equity including without limitation specific performance.

**SECOND CAUSE OF ACTION**
**Breach of Covenant of Good Faith and Fair Dealing**
(Against All Defendants)

46.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

47.     Defendant's conduct, as alleged above, constitutes a breach of the covenant of good faith and fair dealing implied in every contract under California law. This covenant creates an obligation in Defendant not to hinder or prevent Plaintiff's ability to perform under the contract.

48.     In every contract or agreement there is an implied promise of good faith and fair dealing. (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658). Each party is refrained from unfairly interfering with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. *Id.*.

49.     Defendants had a duty under the contract to accept his payments.

7

50.     By refusing to accept Plaintiff's payments, Defendants materially hindered his ability to perform under the contract and thereby caused his breach thereof and subsequent loss of any benefits thereunder.

51.     Plaintiff seeks restitution, expectation, and reliance damages as well as any and all available remedies in equity including without limitation specific performance.

### THIRD CAUSE OF ACTION
#### Negligence
#### (Against All Defendants)

52.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

53.     Defendants' conduct, as alleged above, constitutes negligence. Defendant is liable for negligence where it is established that (1) defendant was negligent; (2) plaintiff was harmed; and (3) defendant's negligence was a substantial factor in causing plaintiff's harm.

54.     Furthermore, in determining whether to recognize a duty of care courts consider (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the close- ness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm.

55.     Defendants' conduct as herein described was negligent, harmful to Plaintiff, and a substantial factor in causing Plaintiff's harm.

56.     A duty exists because the servicing of Plaintiff's loan was intended to affect Plaintiff, the harm was foreseeable, Plaintiff would not have suffered the harm herein described but for Defendants' conduct, the injury that Plaintiff suffered is not only the actual result as well as the proximate result of Defendants' conduct, Defendants' conduct is the sole cause of Plaintiff's harm, Defendants have absolutely no justification for their conduct, and this is the kind of harm that the California Legislature sought to curb with passage of laws such as the Homeowners Bill of Rights.

57.     As a result of Defendants' negligent conduct, Plaintiff has suffered damages including, but not limited to, the loss of her Property severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

58.     As a result of Defendants' negligence, Plaintiffs have suffered damages, including but not limited to, the loss of their Property, destruction of Plaintiffs' credit, attorneys' fees, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression.

## FOURTH CAUSE OF ACTION
### Wrongful Foreclosure
(Against All Defendants)

59.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

60.     In California, a cause of action for wrongful foreclosure requires: (1) a legally owed duty to Plaintiffs by Defendant; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury.

61.     At all times relevant herein, Plaintiff was the lawful owner and possessor of the Property. Defendants had a legal duty to Plaintiff created by the Deed of Trust and the California Civil Code, to institute foreclosure proceedings in accordance with the Deed of Trust and the Civil Code.

62.     As a proximate result, Plaintiff has suffered, and will continue to suffer, substantial and irreparable injury from the loss of his Property as a result of Defendants' violations of his rights at common law and under statute which entitles Plaintiff to an award of damages in an amount to be established at trial as well as attorney's fees.

63.     Defendants are guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendants' actions were malicious and willful, in conscious disregard of the rights and safety of Plaintiff and calculated to injure Plaintiffs. These acts were known to and ratified by members of Defendants' management. Accordingly, Plaintiff is entitled to recover punitive

damages from Defendant pursuant to California Civil Code § 3294, in an amount according to proof.

### FIFTH CAUSE OF ACTION
#### Violation of Cal. Civ. Code § 2924(a)(1)(C)
(Against All Defendants)

64.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

65.     Pursuant to Section 2924(a)(1)(C) of the California Civil Code, "[t]he trustee, mortgagee, or beneficiary. . .shall first file for record. . .a notice of default," and the notice of default must include "[a] statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default".

66.     Defendants' conduct as herein described is violative of this statute.

### SIXTH CAUSE OF ACTION
#### Unjust Enrichment
(Against All Defendants)

67.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

68.     In general, a person who has been unjustly enriched at the expense of another is required to make restitution to the other. Although not required, a valid cause of action arises under Unjust Enrichment when a defendant receives a benefit they would not have otherwise received at the plaintiff's expense. (*Ghirardo v. Antonioli* (1996) 14 Cal. 4th 39, 51.)

69.     By proceeding to foreclosure after accepting Plaintiff's full payment of all arrears to reinstate the loan and after refusing to accept his payments, by accepting the benefits of foreclosure following the conduct described herein, Defendants have been unjustly enriched, and Plaintiff is entitled to and now asks to the Court to award him the full benefit that Defendants reaped from the foreclosure.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH CAUSE OF ACTION

**Unfair Competition – Violation of Business and Professions Code § 17200 *et seq.***
(Against All Defendants)

70.     Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

71.     Defendants' conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code     § 17200 et seq. California Business and Professions Code § 17200 et seq. borrows violations from other statutes and laws and makes them unlawful to engage in as a business practice. Plaintiff' California Business and Professions Code § 17200 allegations are tethered to the following laws:

72.     Defendants' violation of California Civil Code § 2924(a)(1)(C) constitutes unfair business practices in violation of California Business and Professions Code § 17200 et seq.

73.     Defendants' breach of contract constitutes unfair business practices in violation of California Business and Professions Code § 17200 et seq.

74.     Defendants' breach of their covenant of good faith and fair dealing constitutes unfair business practices in violation of California Business and Professions Code § 17200 et seq.

75.     Defendants' wrongful foreclosure constitutes unfair business practices in violation of California Business and Professions Code § 17200 et seq.

76.     Defendants' negligence unfair business practices in violation of California Business and Professions Code § 17200 et seq.

77.     As a result of Defendants' wrongful conduct, Plaintiff has suffered various injuries according to proof at trial, including but not limited to the loss of her home.

78.     Likewise, Plaintiff was injured and is entitled to actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

79.     Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

80.     Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

81.     Defendants are also guilty of malice, fraud and/or oppression, as defined in the California Civil Code § 3924. Defendants' actions were in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter it from engaging in future misconduct and attorney's fees.

[End of page left intentionally blank]

12

1

## DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiff demands a trial by jury. Plaintiff prays for judgment and order against Defendants, as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth above, during the pendency of the action;

3. For a temporary restraining order and preliminary injunction preventing Defendants, or anyone acting in concert with them, from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity prior to remedying the violations of Plaintiff's rights complained of herein;

4. For damages, disgorgement, and injunctive relief;

5. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;

6. For such other and further relief as the Court may deem just and proper.


DATED: July 16, 2019                          Respectfully submitted,

                                              MELLEN LAW FIRM


                                              Duncan McGee Nefcy
                                              Attorney for Plaintiff
                                              FREDERICK JAMES BEATTY

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

#69

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>MELLEN LAW FIRM Matthew Mellen (SBN: 233350)<br>Brenna Wood Fitzpatrick (SBN: 325666); Duncan McGee Nefcy (SBN: 315142)<br>1050 Marina Village Parkway, Suite 102<br>Alameda, CA 94501 | *FOR COURT USE ONLY*<br>**ENDORSED<br>FILED** |
|---|---|
| TELEPHONE NO.: (510) 263-9638       FAX NO.: (415) 276-1902<br>ATTORNEY FOR *(Name)*: Plaintiff FREDERICK JAMES BEATTY | **JUL 17 2019** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma<br>STREET ADDRESS: 600 Administration Drive<br>MAILING ADDRESS: 600 Administration Drive<br>CITY AND ZIP CODE: Santa Rosa 95403<br>BRANCH NAME: Hall of Justice | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

| CASE NAME:<br>Frederick James Beatty v. PHH Mortgage Corporation, et al. | | |
|---|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **264821** |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount       (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | SCV<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify)*: 7

5. This case [ ] is  [✓] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 16 July 2019

Duncan McGee Nefcy
_____        ▶ _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Exhibit 1, Page 16 of 26

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit 1, Page 17 of 26

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Beatty vs PHH Mortgage Corporation | (FOR COURT USE ONLY)<br><br>**ENDORSED**<br>**FILED**<br><br>JUL 17 2019<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
|---|---|
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br>SCV-264821 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

**1. THIS ACTION IS ASSIGNED TO HON. ARTHUR A WICK FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
    A Case Management Conference has been set at the time and place indicated below:

| Date: Thursday, 11/14/2019          Time: 3:00 PM          Courtroom 17 |
|---|
| Location: 3035 Cleveland Avenue, Santa Rosa. CA 95403 |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

CV-1 [Rev. May 17, 2019]          **NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC**
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

CV-1 [Rev. May 17, 2019]     NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

Exhibit 1, Page 19 of 26

**Pursuant to Local Rule 5.1.C:**

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1:**

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

CV-1 [Rev. May 17, 2019]    NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

Exhibit 1, Page 20 of 26

1   LOCKE LORD LLP
    Regina J. McClendon (SBN 184669)
2   rmcclendon@lockelord.com
    Xiyi Fu (SBN 278274)
3   jackie.fu@lockelord.com
    101 Montgomery Street, Suite 1950
4   San Francisco, CA 94104
5   Telephone: (415) 318-8810
    Fax: (415) 676-5816
6
7   Attorneys for Defendant
    Western Progressive Trustee, LLC dba Western Progressive, LLC
8

ENDORSED
FILED

AUG 1 2 2019

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF SONOMA

11

12   FREDERICK JAMES BEATTY, an individual, )    CASE NO.: SCV-264821
                                            )
13                          Plaintiff,      )    Assigned for all purposes to:
                                            )    Hon. Arthur A. Wick, Dept. 17
14              vs.                         )
                                            )    DECLARATION OF NONMONETARY
15   PHH MORTGAGE CORPORATION, a business)       STATUS OF DEFENDANT WESTERN
16   entity; WESTERN PROGRESSIVE, LLC, a    )    PROGRESSIVE, LLC (TRUSTEE)
     business entity; DEUTSCHE BANK         )    PURSUANT TO CALIFORNIA CIVIL
17   NATIONAL TRUST COMPANY, a business     )    CODE SECTION 2924*l*
     entity; and DOES 1-10, inclusive,      )
18                                          )
19                          Defendants.     )
                                            )    Complaint Filed: July 17, 2019
20                                          )

21          TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND COUNSEL OF

22   RECORD:

23          PLEASE TAKE NOTICE THAT Defendant Western Progressive Trustee, LLC dba

24   Western Progressive, LLC ("Western Progressive") hereby submits the attached Declaration of

25   Nonmonetary Status pursuant to California Civil Code section 2924*l*.

26          Section 2924*l* provides in the pertinent part that:

27          [I]n the event that the trustee maintains a reasonable belief that it has been named in the
28          action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

                                        1

or omissions on its part in the performance of its duties as trustee them at any time, the trustee may file a declaration of nonmonetary status.

1.      Western Progressive is the substituted trustee under the deed of trust which is the subject of this action, recorded against real property located at 1601 Culpepper Dr., Petaluma, California 94954 (the "Property").  The deed of trust was recorded on November 20, 2006, as document no. 2006142011 in the Sonoma County Recorder's Office.

2.      Western Progressive believes that it has been named in the above-entitled action solely in its capacity as the trustee under the deed of trust.  Such belief is based upon a reading of the complaint, which fails to specifically enumerate any act or acts by Western Progressive that would imply any liability on its part.  See attached Declaration of Stephanie M. Spurlock.

3       Western Progressive agrees to be bound by whatever nonmonetary order or judgment is issued by the Court regarding the deed of trust.

Dated:  August 12, 2019

Respectfully submitted,

LOCKE LORD LLP

By: _____
      Regina J. McClendon
      Xiyi Fu
Attorneys for Defendant Western Progressive
Trustee, LLC dba Western Progressive, LLC

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA  94104

2

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA  94104

## DECLARATION OF STEPHANIE M. SPURLOCK

I, Stephanie M. Spurlock, declare as follows:

1.    I am over 18 years of age, suffer from no legal disabilities and am otherwise competent to make this declaration.  The matters set forth herein are true based upon my personal knowledge and, if called to testify in this matter, I could and would competently testify under oath to the facts and circumstances stated herein.

2.    I am a Senior Management of Default Management Services and am duly authorized to make this Declaration on behalf of Western Progressive Trustee, LLC dba Western Progressive, LLC ("Western Progressive") pursuant to California Civil Code section 2924*l* in support of Western Progressive's Nonmonetary Status.

3.    By written instrument recorded November 21, 2014, the beneficiary under the deed of trust substituted Western Progressive as the Trustee under the deed of trust executed by Frederick J. Beatty in favor of Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.) and recorded in the Sonoma County Recorder's Office on November 20, 2006 as document number 2006142011.  The substitution of trustee was recorded on November 21, 2014 as document number 2014083223 in the Sonoma County Recorder's Office.  The deed of trust created a first priority security interest with power of sale against the real property described therein and commonly known as 1601 Culpepper Dr., Petaluma, California 94954 (the "Property").  Western Progressive is the trustee with the power to foreclose on the Property under the terms of the deed of trust.

4.    I have reviewed the claims alleged in Plaintiff's complaint filed on or about July 17, 2019.  Based thereon, Western Progressive maintains a reasonable belief that it has been named as a defendant in the above-captioned action or proceeding solely in its capacity as trustee under said Deed of Trust and that Plaintiff does not assert any viable claims for monetary relief against Western Progressive.  Moreover, acts taken by Western Progressive in connection with conducting a non-judicial foreclosure are privileged under California Civil Code § 2924(d) and Civil Code § 47.

/ / /

/ / /

/ / /

5.      Western Progressive agrees to be bound by any nonmonetary order or judgment that may be issued by the Court regarding the Deed of Trust.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on <u>August 12</u>, 2019.

_____
Stephanie M. Spurlock

DECLARATION OF NONMONETARY STATUS     Exhibit 1, Page 24 of 26
*Beatty v. PHH Mortgage Corporation, et al.,* Case No. SCV-264821

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA  94104

**STATE OF CALIFORNIA**        )                   **PROOF OF SERVICE**
**COUNTY OF SAN FRANCISCO**    )   ss.

*Beatty v. PHH Mortgage Corporation, et al.*
**Sonoma County Superior Court, Case No. SCV-264281**

     I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action.  My business address is: 101 Montgomery Street, Suite 1950, San Francisco, CA 94104.  On August 12, 2019, I served the foregoing document described as:

**DECLARATION OF NONMONETARY STATUS OF DEFENDANT**
**WESTERN PROGRESSIVE, LLC (TRUSTEE) PURSUANT TO**
**CALIFORNIA CIVIL CODE SECTION 2924L**

on the parties or attorneys for parties in this action who are identified below, using the following means of service.  (If more than one means of service is checked, the means of service used for each party is indicated below).

Matthew D. Mellen, Esq.             *Attorneys for Plaintiff Frederick James*
Brenna Wood Fitzpatrick, Esq.      *Beatty*
Duncan McGee Nefcy, Esq.
MELLEN LAW FIRM
1050 Mariana Village Parkway
Suite 102
Alameda, CA 94501
Tel:    (510) 263-9638
Fax:   (415) 276-1902
Email:  email@mellenlawfirm.com

☑    **BY MAIL.** I placed ____ the original or __✔__ a true copy of the foregoing document in a sealed enveloped individually addressed to each of the parties listed above, and caused each such envelope to be deposited in the mail at 101 Montgomery Street, Suite 1950, San Francisco, CA 94104.  Each envelope was mailed with postage thereon fully prepaid.  I am readily familiar with this firm's practice of collection and processing of correspondence for mailing.  Under that practice, mail is deposited with the United States Postal Service the same day that it is collected in the ordinary course of business.

☑    **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 12, 2019, at San Francisco, California.

Taylor Warren

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104